UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| MAURA D. CASSIA AND TIMOTHY R. CASSIA | CIVIL ACTION NO. 6:15-cv-02581 |
| VERSUS | JUDGE DOHERTY |
| THE PHOENIX INSURANCE COMPANY, HOSPITALITY MANAGEMENT ADVISORS, INC., AND LAFAYETTE HOTEL OPCO, LLC | MAGISTRATE JUDGE HANNA |

## *SUA SPONTE* JURISDICTIONAL BRIEFING ORDER

The plaintiffs allege that the court has subject-matter jurisdiction over this action, under 28 U.S.C. § 1332, because the parties are diverse in citizenship and the matter in controversy exceeds $75,000.00. The undersigned reviewed the pleadings and concluded that the plaintiffs' allegation that they have sustained $2,750,000 in damages satisfies the amount-in-controversy requirement, but this Court cannot determine whether the parties are diverse in citizenship.

The party invoking subject-matter jurisdiction in federal court has the burden of establishing the court's jurisdiction.[1] In this case, the plaintiffs must bear that burden.

---

[1] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998).

When jurisdiction is based on diversity, the citizenship of the parties must be distinctly and affirmatively alleged.[2] The complaint alleges that the plaintiffs are residents of the state of Louisiana. The citizenship of a natural person is determined by the state in which he or she is domiciled, and domicile is a combination of both a person's residence and his intent to remain there permanently.[3] Therefore, "an allegation that a party is a resident of a certain state is not a sufficient allegation of his citizenship in that state."[4] Evidence of a person's place of residence, however, is *prima facie* proof of his domicile.[5] For that reason, the undersigned will accept that the plaintiffs are Louisiana citizens if there is no objection from the defendants.

The complaint alleges that defendant The Phoenix Insurance Company is a foreign insurance corporation authorized to do business in Louisiana. A corporation's citizenship is determined by its state of incorporation and the state of its principal place of business.[6] Therefore, the allegations set forth in the complaint are insufficient to establish Phoenix's citizenship.

---

[2]     *Mullins v. Testamerica Inc.*, 300 Fed. App'x 259, 259 (5th Cir. 2008).

[3]     *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011).

[4]     *Delome v. Union Barge Line Co.*, 444 F.2d 225, 233 (5th Cir. 1971).

[5]     *Hollinger*, 654 F.3d at 571.

[6]     28 U.S.C. § 1332(c)(1).

The complaint alleges that defendant Hospitality Management Advisors, Inc. is a Tennessee corporation with its principal place of business in Tennessee. Accordingly, Hospitality Management is a citizen of Tennessee.

The complaint alleges that defendant Lafayette Hotel OPCO, LLC is a Delaware limited liability corporation with its principal place of business in New York. This Court suspects that Lafayette Hotel is actually a limited liability company rather than a corporation. The citizenship of a limited liability company is not evaluated on the same basis as that of a corporation. A limited liability company is a citizen of every state in which any member of the company is a citizen,[7] and "the citizenship of a LLC is determined by the citizenship of *all* of its members."[8] Therefore, the diversity analysis for a limited liability company requires a determination of the citizenship of every member of the company.[9] If any one of the members is not diverse, the company is not diverse. In this case, the plaintiffs alleged

---

[7] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

[8] *Harvey v. Grey Wolf*, 542 F.3d at 1080. [Emphasis added.]

[9] See, *Harvey v. Grey Wolf*, 542 F.3d at 1080; *Grupo Dataflux v. Atlans Global Group, L.P.*, 541 U.S. 567, 585, n. 1 (2004) (noting that courts of appeal have held that the citizenship of each member of a limited liability company counts for diversity purposes); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 196 (1990) (holding that the citizenship of an unincorporated entity or association is based upon the citizenship of all of its members). See also *Wright v. JPMorgan Chase Bank, NA*, No. 09-cv-0482, 2009 WL 854644, at *1 (W.D. La. Mar. 26, 2009) ("If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be.")

that no member of Lafayette Hotel is a resident of Louisiana. But, as noted above, residence is not the test for citizenship. Therefore, the plaintiffs' allegations do not establish Lafayette Hotel's citizenship.

Accordingly,

IT IS ORDERED that, not later than twenty-one days after the date of this order, the plaintiffs shall file a memorandum setting forth specific facts that support a finding that the parties are diverse in citizenship. These facts should be supported with summary-judgment-type evidence. The defendants will be allowed seven days to respond to the plaintiffs' submission.

Signed at Lafayette, Louisiana, this 8th day of January 2016.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE